IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HASAN ALI,

      Plaintiff,

                            CIVIL ACTION NO.

v.                            1:12-cv-2112-JEC

WAL-MART STORES EAST, LP,

      Defendant.

### ORDER AND OPINION

This case is before the Court on defendant's Motion for Summary Judgment [34]; plaintiff's Motions for Summary Judgment [44, 47]; plaintiff's Motion for Additional Discovery to Determine the Proper Defendant [44]; and plaintiff's Motions for Leave to File an Amended Response to Defendant's Statement of Facts [62] and an Amended Cross-Motion for Summary Judgment or Supplemental Brief [63]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that defendant's Motion for Summary Judgment [34] should be **DENIED**; plaintiff's Motions for Summary Judgment [44, 47] should be **DENIED**; plaintiff's Motion for Additional Discovery [44] should be **DENIED as moot**; and plaintiff's Motions for Leave [62, 63] should be **GRANTED**.

**BACKGROUND**

This is a premises liability case arising out of plaintiff's slip and fall at a Wal-Mart store in Snellville, Georgia. (Compl. [1] at ¶ 3.) Plaintiff filed this action in Gwinnett County State Court to recover for injuries that he sustained in the fall. (*Id.* at 1.) Defendant removed the case to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332. (Notice of Removal [1] at ¶ 7.)

Construing the facts in favor of plaintiff, his fall occurred while he was grocery shopping at the Snellville Wal-Mart around 1:30 a.m. on July 13, 2010. (Def.'s Statement of Material Facts ("DSMF") [34] at ¶¶ 1, 4.) After shopping for 15-20 minutes, plaintiff stopped in the dairy aisle to look for butter. (*Id.* at ¶ 12.) As plaintiff was facing the shelf and selecting the butter he wanted to buy, a Wal-Mart employee pulled a pallet jack right behind plaintiff's feet. (*Id.* at ¶¶ 12-16 and Pl.'s Statement of Material Facts ("PSMF") [45] at ¶¶ 1-3.) When plaintiff turned to place the butter in his shopping cart, he tripped over the blades of the pallet jack and was seriously injured. (DSMF [34] at ¶ 18 and PSMF [45] at ¶ 9.)

In the complaint, plaintiff asserts a single premises liability claim against defendant. (Compl. [1] at ¶¶ 3-7.) Defendant has moved for summary judgment on the grounds that: (1) plaintiff named the wrong defendant and (2) the evidence does not support a premises

2

liability claim under Georgia law.  (Def.'s Br. in Supp. of Summ. J. ("Def.'s Br.") [34] at 5-14.)  In response, plaintiff has amended his complaint to name the correct defendant and filed cross-motions for summary judgment.[1]  (Pl.'s Mots. for Summ. J. [44] and [47].)

## DISCUSSION

### I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  A fact's materiality is determined by the controlling substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue is genuine when the evidence is such that a reasonable jury could return a verdict on the issue for the nonmovant.  *Id.* at 249-50.

Summary judgment is not properly viewed as a device that the trial court may, in its discretion, implement in lieu of a trial on the merits.  However, Federal Rule 56 mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of every element essential to that party's case on which he will bear the burden of proof at trial.  *Celotex*

---

[1]  Plaintiff has also filed motions for leave to submit supplemental pleadings in connection with the summary judgment motions.  (Pl.'s Mots. for Leave [62] and [63].)  The Court **GRANTS** these motions, and will consider the supplemental pleadings in ruling on the summary judgment motions.

3

*Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In such a situation, there can be no genuine issue as to any material fact, as a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. *Id.* at 322-23.

    The movant bears the initial responsibility of asserting the basis for his motion. *Id.* at 323. The movant is not required to negate his opponent's claim in order to meet this responsibility. Rather, the movant may discharge his burden by merely "'showing'-- that is, pointing out to the district court--that there is an absence of evidence to support the non[-]moving party's case." *Id.* at 325. After the movant has carried his burden, the non-moving party is then required to "go beyond the pleadings" and present competent evidence designating "'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324.

    In deciding a motion for summary judgment, the court must view all evidence and draw any factual inferences in the light most favorable to the non-moving party. *Samples v. City of Atlanta*, 846 F.2d 1328, 1330 (11th Cir. 1988). However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson*, 477 U.S. at 247-48 (1986). The requirement to avoid summary judgment is that there be no "*genuine* issue of *material* fact." *Id.*

4

## II. **PROPER DEFENDANT**

In its initial motion for summary judgment, defendant pointed out that plaintiff had incorrectly named Wal-Mart Stores, Inc. as the party responsible for his injuries. (Def.'s Br. [34] at 5-6.) Plaintiff subsequently amended his complaint to name Wal-Mart Stores East, LP as the sole defendant. (Am. Compl. [41].) Defendant does not dispute that Wal-Mart Stores East, LP is the proper defendant, and that the deficiency in plaintiff's original complaint has been corrected. (Def.'s Reply [49] at 1.) Accordingly, defendant's motion for summary judgment [34] is **DENIED** to the extent that it is based on the argument that defendant is improperly named. To avoid any confusion, Wal-Mart Stores, Inc. is **DISMISSED** from the case and Wal-Mart Stores East, LP is substituted as the defendant. In accordance with this ruling, the Court **DENIES as moot** plaintiff's request for additional discovery [44] to determine the proper defendant in the case.

## III. **PREMISES LIABILITY**

Under Georgia law, a store owner owes a duty of reasonable care to its business invitees and can be held liable for its failure to keep the premises safe.[2]  *Am. Multi-Cinema, Inc. v. Brown*, 285 Ga.

---

[2] The parties agree that Georgia law applies to this case. (Def.'s Br. [34] at 1 and Am. Compl. [41] at 3.) *See Grupo Televisa, S.A. v. Telemundo Commc'ns Grp., Inc.*, 485 F.3d 1233, 1240 (11th Cir. 2007)(a federal court sitting in diversity applies the conflicts

5

442, 444 (2009) and O.C.G.A. § 51-3-1.  To prevail on a premises liability claim, a plaintiff must show that he was injured by a hazard that the owner "should have removed in the exercise of ordinary care for the safety of the invited public." *Am. Multi-Cinema,* 285 Ga. at 444.  As applied to a slip and fall case, the plaintiff must present some evidence that:  (1) the defendant had actual or constructive knowledge of a defect or hazard on the premises, and (2) despite exercising ordinary care for his personal safety, the plaintiff lacked knowledge of the hazard due to the defendant's actions or to conditions under the defendant's control. *Id.*

Ordinarily, findings concerning relative negligence and knowledge of a hazard are the province of the jury.  *Robinson v. Kroger Co.,* 268 Ga. 735, 748 (1997).  This means that:

> issues such as how closely a particular retailer should monitor its premises and approaches, what retailers should know about the property's condition at any given time, how vigilant patrons must be for their own safety in various settings, and where customers should be held responsible for looking or not looking are all questions that, in general, must be answered by juries as a matter of fact rather than by judges as a matter of law.

*Am. Multi-Cinema, Inc.*, 285 Ga. at 445.  Summary judgment is thus

---

rules of its forum state) and *Bagnell v. Ford Motor Co.*, 297 Ga. App. 835, 836 (2009)("Under lex loci delicti, tort cases are governed by the substantive law of the state where the tort or wrong occurred").

6

only appropriate in cases where the evidence is "plain, palpable, and undisputed." *Robinson*, 268 Ga. at 748. This case does not fall into that narrow category. Accordingly, and as explained more fully below, the Court **DENIES,** as to the premises liability claim, both defendant's motion for summary judgment [34] and plaintiff's motions for summary judgment [44, 47].

### A. Defendant's Knowledge of a Defective Condition

Contrary to defendant's argument, there is sufficient evidence in the record to withstand summary judgment on the "defect" prong of the premises liability analysis. According to plaintiff's version of events, a Wal-Mart employee placed a pallet jack directly behind plaintiff's feet as he was in the process of selecting an item from defendant's shelves. (PSMF [45] at ¶¶ 1-3.) A jury considering those facts would be authorized, although not required, to find that the placement of the pallet jack created a hazardous condition that ultimately caused plaintiff to fall and injure himself.[3] *Robinson*, 268 Ga. at 740. *See also Mairs v. Whole Foods Mkt. Grp., Inc.*, 303 Ga. App. 638, 641 (2010)(the routine issues of premises liability,

---

[3] Defendant points out that pallet jacks are routinely found in grocery stores and that the pallet jack at issue in this case was not defective. (Def.'s Br. [34] at 6-8.) Both facts are irrelevant because it is the placement of the pallet jack that is alleged to have created a hazardous condition, rather than the jack itself. Defendant cannot credibly argue that pallet jacks are routinely and without warning placed directly behind the feet of customers while they are selecting a product from the store shelves.

7

such as the defendant's negligence, are generally not susceptible of summary adjudication).

Assuming that the placement of the pallet jack created a hazardous condition, the Wal-Mart employee who moved the jack had actual knowledge of the condition. *Id.* at 639 (by mopping the floor, the defendant is presumed to have knowledge of water on the floor). Under the circumstances, the employee's knowledge can be imputed to defendant. *See Washington v. J.D. Royer Wholesale Florist,* 275 Ga. App. 407, 408 (2005)("knowledge can be demonstrated by showing that an employee was positioned in the immediate vicinity and had the opportunity and means to discover and remove the hazard") and *Johnson v. Kimberly Clark,* 233 Ga. App. 508, 511 (1998)("if any employee of the defendant removed and placed the safety poles where plaintiff was injured, then such knowledge and negligence are imputed to [the defendant]").

**B. Plaintiff's Knowledge And Care**

Neither does the evidence conclusively demonstrate plaintiff's equal or superior knowledge of the hazard, or his failure to use reasonable care for his own safety. Georgia law does not require a plaintiff to be on the lookout for hazards that are not likely to be present on the premises. *Robinson*, 268 Ga. at 743. Nor does it demand that a plaintiff look continuously at the floor for any possible defects. *Id.* On the contrary, all that the law requires is

8

that a plaintiff employ the same level of prudence as the ordinarily careful person in a similar situation. *Id.* Based on the evidence in the record, a jury might conclude that plaintiff's actions at the time of his fall meet that standard. *See Mairs*, 303 Ga. App. at 639 (denying summary judgment where the plaintiff only noticed that the floor was wet after she fell).

Defendant contends that recovery is precluded by the "fixture [rule]" and/or the "plain view doctrine." (Def.'s Br. [34] at 8-13.) The Court is not persuaded. A premises owner is not liable under Georgia law when an invitee trips over an ordinary fixture that is "in full sight" and "not placed so as to threaten danger to those visiting the store." *Tinley v. F. W. Woolworth Co.,* 70 Ga. App. 390 (1943). *See also Meriwether Mem'l Hosp. Auth. v. Gresham,* 202 Ga. App. 535, 536 (1992)(granting summary judgment where a plaintiff tripped over the "usual" obstruction of an emergency room gurney). Likewise, an owner is not liable when an invitee trips over a large object that is in "plain view." *Robinson,* 268 Ga. at 743. However, construing the facts in favor of plaintiff, the pallet jack at issue in this case was not in an unthreatening or obvious location at the time of plaintiff's accident. Rather, without any warning and unbeknownst to plaintiff, a Wal-Mart employee had placed the jack in an allegedly hazardous position directly behind plaintiff's feet as plaintiff stood facing the opposite direction. (PSMF [45] at ¶¶ 1-

9

3.)

Defendant also suggests more generally that plaintiff would have seen or heard the pallet jack being rolled behind his feet if he had been paying better attention to his surroundings. (Def.'s Br. [34] at 13-14.) As mentioned, plaintiff alleges that he was facing the other direction when the jack was placed directly behind his feet. (PSMF [45] at ¶¶ 1-3.) It is not clear whether the jack made a noise loud enough that plaintiff should have heard it. (*Id.* and Pl.'s Resp. to DSMF [62] at ¶¶ 33, 35.) However, plaintiff testified that (1) the Wal-Mart employee who was pushing the jack did not warn plaintiff of its placement and (2) that plaintiff did not, in fact, see or hear the jack before he tripped over it as he was turning towards his cart. (Pl.'s Resp. to DSMF [62] at ¶¶ 33, 35.) Under the circumstances, a jury would be authorized, although again not required, to find that plaintiff exercised "ordinary care" for his own safety. *Robinson*, 268 Ga. at 742-43.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** defendant's Motion for Summary Judgment [34]; **DENIES** plaintiff's Motions for Summary Judgment [44, 47]; **DENIES as moot** plaintiff's Motion for Additional Discovery [44]; and **GRANTS** plaintiff's Motions for Leave [62, 63].

10

SO ORDERED, this 2nd day of February, 2014.


                                          <u>/s/ Julie E. Carnes</u>
                                          JULIE E. CARNES
                                          CHIEF UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)